UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

_____

**This Document Relates to:**

*Mark Bailey, Individually and as Administrator of the Estate of Betty Bailey v. Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim International GMBH.*, No. 3:13-cv-51378-DRH-SCW

## ORDER OF DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

This matter is before the Court on defendant's, Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI"), motion to show cause why the above captioned case should not be dismissed with prejudice, filed pursuant to Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519). The plaintiff has not responded to the motion.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury

claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.[1]

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline.

As detailed in BIPI's motion, plaintiff did not produce any of the required information or documents by the CMO 78 deadlines. BIPI provided plaintiff with a notice of deficiencies, triggering additional curative deadines under CMO 78.

---

[1] As an action filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, plaintiff was required to opt-in to the master settlement, request an extension for more time to opt-in, or abide by the requirements of CMO 78. Plaintiff's counsel, the Driscoll Firm, sought an extension to the opt-in deadline until July 30, 2014 ("Opt-In Deadline"). On June 4, 2014, plaintiff's former counsel, John J. Driscoll and the Driscoll Firm, P.C., filed a Motion for Leave to Withdraw as Counsel. [Doc. No. 5] On June 5, 2014, this Court granted plaintiff's former counsel's Motion, and pursuant to that Order, plaintiff was required to file a supplementary entry of appearance within 21 days. [Doc. No. 6] Plaintiff did not file a supplementary entry as required by the Court's Order. Plaintiff also never opted-in to the settlement. As a result, plaintiff became subject to the requirements of CMO 78.

Plaintiff did not provide any of the required information or documents by the CMO 78 deficiency cure deadlines. As a result, BIPI filed the present motion and plaintiff failed to file a response.

The Court construes plaintiff's failure to respond as an admission of the merits of BIPI's motion pursuant to Local Rule 7.1(c). Further, the plaintiff, who has not responded to BIPI's motion, has failed to establish good cause for noncompliance. Accordingly, the Court has no choice but to dismiss the present action with prejudice for failure to comply with CMO 78.

The Court finds the plaintiff has failed to comply with the requirements of CMO 78 and has failed to show good cause for the noncompliance within the time allowed by CMO 78. Accordingly, the claims of the above captioned plaintiff are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 20th day of November, 2015

Digitally signed by Judge David R. Herndon
Date: 2015.11.20 11:15:24 -06'00'

**United States District Judge**